*111 By the' Court,
Bronson, J.
The taxable inhabitants of a school district, when duly assembled, are invested with several legislative powers in relation to the affairs of the district; and, among others, they have the power to lay a tax for building a new school house. They are also authorized “ to repeal, alter and modify their proceedings from time to time as occasion may require.” (1 R. S. 478, § 61.) As] nothing beyond preparing a warrant and tax list had been done under the resolution of the 7th of October, the district wTas at liberty to rescind the vote to lay a tax, as they did at. the meeting of the 25 th of November. But on the 5th of December, the repealing vote was itself repealed. This revived or renewed the original vote to lay a tax. The unqualified repeal of a repealing statute revives the original enactment. (Case of the Bishops, 12 Co. 7 ; 2 Inst. 686 ; Wheeler v. Roberts, 7 Cowen, 536; Commonwealth v. Churchill, 2 Met. 118.) I see no reason why that rule should not apply here, as well as to legislation on a larger scale. There was, then,"the necessary vote to lay a tax at the time the warrant was delivered to the collector on the 23d of December.
But there is still a difficulty in sustaining the defence. Although the vote to lay a tax was revived or renewed on the 5th of December, I do not see how the vote of that day could have any retroactive effect. The warrant and tax list which had previously been made out, fell to the ground when the original vote was rescinded on the 25th of November, and the subsequent renewal of the vote could not resuscitate the former proceedings under it. The trustees should have begun de novo after the 5th of December. But instead of doing so, they subjoined a renewal to the warrant, and delivered it with the tax list to the collector.
As the warrant had never been issued before, there could not strictly be a renewal of it, within the meaning of the statute. (1 R. S. 484, § 89.) Still, the renewal under the hands and seals of the trustees on the 23d of December may perhaps be regarded as making it new process of that date. (Smith v. *112 Randall, 3 Hill, 495.) And, in this view of the case, the warrant may be well enough. But I see no way in which the difficulty in relation to the tax list can be got over. The statute provides, that every district tax shall be assessed and the tax list thereof be made out by the trustees within one month after the tax is voted. (1 R. S. 483, § 82.) This tax was assessed and the tax list made out before the tax was voted. The list was completed on the first of November, more than a month before the vote of the 5 th of December. But the length of time is not very material. The assessment and tax list should have followed the vote. There may have been great changes in the taxable persons and property in the district between the time when the list was made, and the time when it should have been prepared. But whether so or not, this entire departure from the statute cannot be supported.
New trial denied,